Samuel Arenson, Respondent, *v.* Stephen H. Jackson, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Return — of transcript of minutes — appeal — Municipal Court Code, § 161.

> Where after search the "original" transcript of the minutes of a trial cannot be located and so cannot be filed as a part of the return on appeal as required by section 161 of the Municipal Court Code, the return may be completed by the insertion therein by the clerk of the court below of the transcript of the minutes offered by the appellant.

Motion to dismiss an appeal.

Menken Bros., for appellant.

Abram Goodman, for respondent.

*Per Curiam.* This is a motion to dismiss an appeal for failure to file the return. It appears that when the case was tried the minutes were written out by the stenographer, at the request of the trial justice, and that the plaintiff's attorney also received and paid for the transcript which was furnished him. The minutes furnished to the justice do not appear to have been filed with the clerk and after search made they cannot be located. The clerk of the Municipal Court, it is said, refuses to accept the transcript of the minutes offered by the appellant and insists that he must be furnished with what he calls the "original" transcript of the minutes which of course means that the appellant must order and again pay for another transcript.

This position cannot be sustained by authority. It

is true that section 161 of the Municipal Court Code provides that when an appeal is taken the stenographer's " original " transcript of the minutes must be furnished to the clerk. This should be construed to mean only that there shall be furnished to the clerk a transcript of the minutes made by the court stenographer and not one made by another person. In the present method of transcribing the minutes of a trial, the record made by a ribbon of a typewriter cannot be said in a legal sense to be any more of an " original " than that made by the carbon, and if the stenographer has furnished a transcript of the minutes to either the clerk or the parties, and for any good reason the so-called " original " transcript cannot be filed with the clerk, there is no good reason why the return should not be made by the clerk inserting therein the transcript of the minutes offered for that purpose by the appellant. Motion to dismiss appeal denied.

Present: GUY, BIJUR and SHEARN, JJ.

Motion denied.